IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY D. McINTYRE,

        Plaintiff,

                                        CIVIL ACTION
   vs.                                    No. 04-3220-SAC

STEPHEN E. SMITH, et al.,

        Defendants.

ORDER

By its order of July 29, 2004 (Doc. 3), the court denied plaintiff's motion for leave to proceed in forma pauperis and directed plaintiff to submit a statement explaining the specific factual bases upon which he sought an extension of the limitation period based upon legal disability. Plaintiff submitted the full filing fee and a response.

**Background**

Plaintiff names as defendants Stephen E. Smith, an FBI Special Agent, and Robin Fowler, an Assistant United States Attorney. The complaint reflects defendant Fowler filed a federal criminal complaint against plaintiff on August 27, 1999, charging him with interference of commerce by threats of violence and brandishing a firearm during and in relation to

any crime of violence.  These charges arose from incidents that occurred on July 2, 1999, at a Payless Shoe Source store in Lawrence, Kansas.  Following an investigation by federal and local authorities, plaintiff was arrested on September 1, 1999, and was detained thereafter at the Leavenworth, Kansas, facility operated by the Corrections Corporation of America.  On January 7, 2000, defendant Fowler dismissed the federal charges against the plaintiff without prejudice.[1]  Plaintiff subsequently was convicted of state charges arising from the same incidents.[2]

### Discussion

Plaintiff asserts that his constitutional rights were violated in the investigation of crimes committed in July 1999 at a Payless Shoe Store in Lawrence, Kansas.

He specifically alleges his rights under the Fourth and Fourteenth Amendments were violated during the investigation and that the defendants subjected him to malicious prosecution.

---

[1] USA v. McIntyre, 99-cr-20069-GTV.

[2] State v. McIntyre, Kan. Ct. App. No. 86,715, unpublished opinion filed April 26, 2002 (affirming convictions of aggravated robbery, rape, aggravated criminal sodomy, kidnapping, and aggravated kidnapping).

It is settled that "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991). Because the plaintiff does not provide any basis why that presumption should not apply, the court concludes his claims related to the investigation of the crimes at the shoe store arose in 1999.[3]

The claim of malicious prosecution relates to charges that were dismissed, and such a claim ripens at the time of the dismissal. See Beck v. City of Muskogee Police Dept., 195 F.3d 553, 560 (10th Cir. 1999). Therefore, plaintiff's claim of malicious prosecution was ripe upon the dismissal of federal charges in January 2000.

The limitation period for a Bivens-type civil rights

---

[3] The court does not construe plaintiff's claims to seek damages for an unlawful conviction on the state charges. Under Heck v. Humphrey, 512 U.S. 477 (1994), a plaintiff proceeding under 42 U.S.C. 1983 and advancing such claims must demonstrate the conviction has been overturned by a state or federal court. 512 U.S. at 486-87. Therefore, any claim by plaintiff arising from his conviction on the state charges would be premature.

3

action is determined by reference to state law.  In Kansas, the applicable limitation period is two years.  Kan. Stat. Ann. 60-513(a)(4).  Kansas statutes provide a limited exemption for a person serving "a term less than such person's natural life"; however, "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." Kan. Stat. Ann. 60-515(a).

Because plaintiff commenced this action in 2004, his claims for relief must be denied as barred by the two-year limitation period unless he is entitled to an exemption.

Plaintiff's response does not provide a detailed factual basis for his claim of legal disability.  He states only that he has been in custody from September 1, 1999, to the present.

During his incarceration, plaintiff filed a federal civil rights action[4] and a legal malpractice action in state court against his criminal defense attorney[5].

---

[4] McIntyre v. Smith, Case No. 00-3140-GTV, filed April 26, 2000.

[5] McIntyre v. Rumsey, 80 P.3d 1201, 2003 WL 22990205 (Kan. App.)

Because plaintiff was able to pursue actions in both state and federal courts during his incarceration, and because there is no specific factual support for plaintiff's claim of legal disability, the court finds no basis to extend the limitation period. Accordingly, the court dismisses this matter as time-barred.

IT IS THEREFORE ORDERED this matter is dismissed due to plaintiff's failure to timely commence this action.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

DATED: This 12th day of August, 2005, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge